**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IMHOTEP SALAT, | ) |
|              Plaintiff, | ) Case No. 2:16-cv-02670-APG-GWF |
| vs. | ) **REPORT AND RECOMMENDATION** |
| DIRECTOR BRUCE BRESLOW, *et al.*, | ) |
|              Defendants. | ) |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1), filed on November 21, 2016.

## BACKGROUND

Plaintiff alleges that his right against unreasonable search and seizure was violated on November 15, 2016 when officers of the Nevada Taxi Cab Authority cited Plaintiff for a violation under Nevada Revised Statute 706 which prohibits intrastate passenger transportation without obtaining a certificate of public convenience and necessity. Plaintiff alleges that he was wrongfully cited because he did not provide transportation to a paying passenger. He further alleges that the officers impounded his vehicle and performed a search of his person and his vehicle without a warrant.

## DISCUSSION

The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be absolutely destitute to qualify for a waiver of costs and fees; nonetheless, he must demonstrate that because of his poverty he cannot pay those

costs and still provide himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). It is within the discretion of the court to deny a request to proceed *in forma pauperis* if an individual is unable or unwilling to verify his or her poverty and the court determines that the individual's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2); *see, e.g., Martin v. Hahn*, 271 F. App'x 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a) asserting that he is unable to prepay the fees and costs associated with bringing this action. He represents that he is unemployed, he has no business, profession or other self-employment and that he has no money in a checking or savings account. He states that he receives $1,285.90 in monthly income from the Nevada Division of Welfare and Supportive Services and $16.00 is benefits from the Supplementary Nutrition Assistance Program. He represents that he has no debts or financial obligations. He has $1,460.00 in regular monthly expenses for rent and utilities. Therefore, Plaintiff's expenses regularly exceed his monthly income.

Plaintiff attached documents to his complaint from the Internal Revenue Service and the Nevada Secretary of State showing that he is the principal officer and/or president of a non-profit corporation, which has gross annual receipts of up to $50,000. *See Complaint* (ECF No. 1-1) 14-19. He also attached receipts showing that he paid $1,000 in fines to the Nevada Taxicab Authority, which belies his assertion that he is unable to pay the $400 filing fee. In his complaint, Plaintiff alleges that he is the owner of a 2010 Mercedes GLK, but did not list the vehicle as an asset in his application. Further, Plaintiff did not provide an explanation as to how he is able to regularly spend more in expenses than he receives in income each month.

Plaintiff has requested permission to proceed IFP in *Salat v. Lake*, Case No. 2:15-cv-00974-JAD-CWH, and in *Salat v. Wilson*, Case No. 2:16-cv-03018-APG-PAL. In *Lake*, Plaintiff reported that he had a $1,181.00 monthly income in disability benefits and no debts or

financial obligations other than $800 in living expenses.  Magistrate Judge Carl W. Hoffman found that Plaintiff did not satisfy the indigency requirement of 28 U.S.C. § 1915 and recommended that Plaintiff should be required to pay the filing fee.  District Judge Jennifer A. Dorsey adopted the report and recommendation in full and ordered Plaintiff to pay the full $400 filing fee.  Plaintiff failed to pay the filing fee and his case was dismissed.  In *Wilson*, Plaintiff reported that his only source of income was $1,290 per month in social security disability benefits and listed rent and other financial obligations totaling $1,560.00.  *Salat v. Wilson*, 2017 WL 4269958, at *2 (D. Nev. Sept. 26, 2017), report and recommendation adopted, 2017 WL 5615572 (D. Nev. Nov. 21, 2017).  Magistrate Judge Peggy A. Leen found that Plaintiff's allegations of poverty were untrue and recommended that his case be dismissed.  *Id.*  District Judge Andrew P. Gordon accepted the report and recommendation and dismissed Plaintiff's complaint without prejudice to him pursuing his claims in state court.

The Court finds that Plaintiff has provided inconsistent statements about his income and that his allegations of poverty are untrue.  The Court, therefore, recommends that this case be dismissed.  *See, e.g., Thomas v. LVMPD*, No. 2:16-cv-3019-JAD-NJK, 2017 U.S. Dist. LEXIS 33197 (D. Nev. Feb. 13, 2017) (recommending denial of IFP application based on plaintiff's inconsistent statements about his income in multiple cases).  Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *in Forma Pauperis* be **denied** and that this action be **dismissed**.

DATED this 8th day of February, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142

1  (1985).  Failure to file objections within the specified time or failure to properly address and brief the
2  objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues
3  from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v.*
4  *Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).